Argued and submitted June 14, 1993, reversed and remanded for reconsideration
July 6, 1994

In the Matter of the Compensation of
John J. Rice, Claimant.

John J. RICE,
*Petitioner,*

*v.*

COLUMBIA STEEL CASTING
and EBI Companies,
*Respondents.*

(90-14069, 90-12474; CA A76773)

877 P2d 672

─────────────

Philip F. Schuster, II, argued the cause and filed the briefs
for petitioner.

Howard R. Nielsen argued the cause and filed the brief for
respondents.

Before Deits, Presiding Judge, and Riggs and Haselton,*
Judges.

HASELTON, J.

─────────────

* Haselton, J., *vice* Durham, J.

## HASELTON, J.

Claimant seeks review of an order of the Workers' Compensation Board denying the compensability of surgery that he had for a flail arch at L5-S1. We review for errors of law and substantial evidence, ORS 656.298(6); ORS 183.482(8), and remand for the Board to describe the basis of its disposition of claimant's law of the case and issue preclusion arguments.

Claimant suffers from a congenital back condition. In 1989, his condition worsened and the Board ordered employer to accept the claim for an occupational disease. *John J. Rice*, 42 Van Natta 2513 (1990), *aff'd without opinion Connecticut Indemnity v. SAIF*, 109 Or App 329, 820 P2d 470 (1991) (*Rice I*). The Board in *Rice I* found that "[t]here was no specific incident at work but claimant's low back condition worsened" during the spring of 1989 when he "was engaged in work heavier than usual." Claimant received compensable back surgery at L3-L4 and L4-L5 in October 1989. In April 1990, claimant's back problems worsened again. His treating physician, Dr. Nash, recommended additional surgery on the same area. Several other doctors advised that repeated surgery on the same area would not be helpful. The referee initially concluded that the surgery was not compensable because it was not reasonable and necessary.

Claimant obtained the surgery anyway. Nash found and repaired a "totally flail arch" at L5-S1, adjacent to the location of the earlier surgery. Following the surgery, the referee granted claimant's request to reconsider the original denial in the light of the L5-S1 condition discovered during the surgery. On reconsideration, the referee found that claimant's second surgery presented a compensable claim for medical services because the surgery was reasonable and necessary and was related to claimant's compensable condition. The referee relied on the opinion of Nash that

> "the patient's injuries from 1990 and specifically the one in 1989 (pratfall) resulted in a total decompensation of stability due to the spondylolysis at the L5-S1."

The pratfall to which Nash referred is an alleged work incident in April 1989, which claimant failed to mention to the physicians who examined him at that time.

Employer sought Board review, arguing that Nash's opinion was unreliable, in part because the presumed 1989 pratfall never occurred. The Board reversed the referee, concluding that claimant "has not carried his burden of proving that he suffered a compensable injury [*i.e.*, the pratfall] in April 1989." In so holding, the Board expressly rejected as not credible, Nash's opinion that the L5-S1 condition was related to claimant's compensable condition.

In an amended motion for reconsideration, claimant argued for the first time that the issues of the compensability of his L5-S1 condition and its relation to the April 1989 pratfall were resolved in his favor in *Rice I*. The Board's order on reconsideration does not refer to these law of the case and issue preclusion arguments.

On review, claimant again asserts his law of the case and issue preclusion arguments, contending that we are bound by the determinations in *Rice I*. Employer counters that claimant did not preserve those arguments by raising them for the first time on reconsideration because the Board has discretion not to consider new arguments at that stage. We do not reach either claimant's law of the case and issue preclusion arguments or employer's response because we are unable to determine the basis of the Board's disposition of those arguments.

In particular, we cannot tell whether the Board: (1) decided, as a matter of law, that it *could* not reach claimant's arguments when raised for the first time on reconsideration; (2) decided, as a discretionary matter, that it *should* not reach those arguments in that procedural context; or (3) reached the merits of claimant's arguments and rejected them without discussion. Which of these routes, or any other, the Board followed materially affects our consideration of the issues on review.[1] Accordingly, we reverse and remand for reconsideration.[2]

---

[1] Our opinion does not imply that the Board must always explain its disposition of issues on reconsideration. However, in this case, where the law of the case and issue preclusion issues were raised for the first time on reconsideration, the Board's lack of explanation makes it impossible for us to know what we are actually reviewing.

[2] Claimant also argues that the Board's findings that he did not suffer a pratfall in April 1989 and that the *Rice I* surgery did not cause the L5-S1 condition are not

Reversed and remanded for reconsideration.

---

supported by substantial evidence. Because of our remand and the primacy of the law of the case and issue preclusion issues, we do not reach that alternative argument.